IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| RICHARD COLUMBUS STRICKLIN II, § | |
| § | |
| Petitioner, § | |
| § | |
| v.  § | No. 4:12-CV-257-A |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Richard Columbus Stricklin II, a state prisoner currently incarcerated in Cuero, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

A jury convicted petitioner of two counts of indecency with a child by contact in the Criminal District Court Number Four of Tarrant County, Texas, on June 27, 2007, and assessed his

punishment at 13 years' confinement for each offense, the sentences to run concurrently. (Clerk's R., vol. 2, at 261) Petitioner appealed the convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 1, 2008, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Stricklin v. Texas*, No. 02-07-235-CR, slip op. (Tex. App.–Fort Worth June 19, 2008) (not designated for publication); *Stricklin v. Texas*, PDR No. 1137-08. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner also filed three state postconviction habeas applications for writ of habeas corpus challenging his convictions. (01State Habeas R.; 02State Habeas R.; 03State Habeas R.)[1] On March 7, 2011, petitioner filed his first two applications, one for each conviction, which were denied without written order on the findings of the trial court on April 27, 2011. (01State Habeas R. at cover, 2; 02State Habeas R. at cover, 2) On August 12, 2011, petitioner filed his third state

---

[1] "01State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,698-01; "02State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,698-02; and, "03State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,698-03.

2

habeas application, which was dismissed by the Texas Court of Criminal Appeals as a subsequent application on October 5, 2011. (03State Habeas R. at cover, 2) Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's convictions became final upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on December 30, 2009. Thus, the limitations period began on December 31, 2009, and closed one year later on December 30, 2010, absent any tolling. See id. § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely if petitioner is not entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner claims there were delays in receiving information regarding the state court rulings. He asserts that, although he sent letters to court-appointed appellate counsel, Richard Alley, on January 13, 2009, January 15, 2009 and March 9, 2010, counsel failed to timely notify him of the status of his petition for discretionary review or that the petition was refused on October 1, 2008. (Pet'r Reply at 2-6, Exs. 1-2) Petitioner also asserts the "CAAP-Client-Attorney Assistance Program" with the State Bar of Texas and his parents attempted to reach counsel regarding the status of his appeal, to no avail. (*Id.* Exs. 2-3) According to petitioner, he did not learn of the refusal of his petition for discretionary review until after his parents contacted the Texas Court of Criminal Appeals on or about July 5, 2011. (*Id.* Ex. "Last Exhibit")

This asserted delay in receiving notice of the state court's

ruling on his petition for discretionary review is insufficient to meet the high standard necessary for equitable tolling. *Moore v. Cockrell,* 313 F.3d 880, 881-82 (5th Cir. 2002); *Lewis v. Cockrell,* 33 Fed. Appx. 704, 2002 WL 432658, at *3-4 (5th Cir. 2002) (not designated for publication). Nothing in the record suggests that petitioner was actively misled or deceived by counsel or that he was prevented in some extraordinary way from asserting his rights. Equitable tolling is usually denied due to the failure of the petitioner to establish more than "excusable neglect." Excusable neglect encompasses many facets, including attorney neglect, illness, unusual delay and insufficient effort on the part of both counsel and the parties. *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied,* 539 U.S. 918 (2003); *Lewis,* 33 Fed. Appx. at 704, 2002 WL 432658, at *4; *Martin v. Thaler,* No. 4:11-CV-447-Y, 2012 WL 1700314, at *3 (N.D.Tex. Mar. 30, 2012), *adopted by* 2012 WL 1694248 (N.D.Tex. May 15, 2012). Absent evidence of intentional deceit or misrepresentation on the part of counsel, counsel's failure to timely notify petitioner of the date his petition for discretionary review was refused, alone, does not constitute "rare and exceptional circumstances" warranting equitable

tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.), *cert. denied*, 539 U.S. 952 (2003); *Cousin*, 310 F.3d at 848.

Furthermore, at least as early as January 13, 2009, petitioner was aware the Texas Court of Criminal Appeals had ruled against him on his petition for discretionary review, as evidenced by his statements in the January 13, 2009, letter to counsel. Thus, it cannot be said that counsel's silence obstructed petitioner's efforts in pursuing federal habeas relief. (*Id.* Ex. 2) Petitioner waited over fourteen months from the date his convictions became final on December 30, 2009, to seek state post-conviction habeas relief and, after his first two state applications were denied, he waited over eight months to seek federal habeas relief, during which time he filed a successive state habeas application. His delay mitigates against a finding that petitioner acted with due diligence in pursuing state and federal postconviction relief, and he has not demonstrated that he was actively misled by counsel or prevented in some extraordinary way from asserting his rights in state or federal court.

Accordingly, petitioner's federal petition was due on or before December 30, 2010. His petition, deemed filed on January

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss is granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED August 6, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE